Receipt number AUSFCC-6141969

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

EVERGREEN MARINE, LTD,

      Plaintiff,

vs.

No. 20-514 C

UNITED STATES OF AMERICA,

      Defendant.

_____/

## COMPLAINT

Plaintiff, EVERGREEN MARINE LTD. ("EVERGREEN") files this Complaint against Defendant, UNITED STATES OF AMERICA, for the actions of its agency, the UNITED STATES COAST GUARD NATIONAL VESSEL DOCUMENTATION CENTER (the "NVDC") and says:

1. This is a claim is under the Tucker Act, 28 U.S.C. 1491, for damages exceeding $10,000 caused by the NVDC's failure to provide an accurate Vessel Abstract of Title in response to EVERGREEN's request and payment for same.

2. EVERGREEN is the owner and purchaser of the vessel *Makin Way* (now known as *Change of Latitude*), a 2002, 60-foot Ocean Alexander motor yacht bearing United States Official No. 1120699 (the "Vessel").

3. The NVDC is an agency of the United States Department of Homeland Security, and thus is an agency of Defendant, UNITED STATES OF AMERICA.

4. The NVDC is responsible for maintaining title records and recording instruments relating to U.S. Documented vessels such as First Preferred Ship Mortgages, Bills of Sale and Notices of Claims of Lien.

5. The title records maintained by the NVDC are reflected on Vessel Abstracts of Title ("Abstract" or "Abstracts"), copies of which are provided to the public on written request and payment therefor.

6. The *sole* method by which to perfect a mortgage lien on a U.S. Documented Vessel is by recording a Preferred Ship Mortgage with the NVDC. Consequently, purchasers of U.S. documented vessels can rely *only* on the NVDC Abstracts of Title to determine whether there are mortgage liens to be satisfied prior to completing a vessel transaction. There is no other repository for this information.

7. 46 USC 31321 (e) requires that the Secretary[1] shall—

(1) record the bills of sale, conveyances, mortgages, assignments, and related instruments of a documented vessel complying with subsection (b) of this section in the order they are filed; and

(2) maintain appropriate indexes, for use by the public, of instruments filed or recorded, or both.

1. The NVDC charges various fees for recording instruments and for providing Vessel Abstracts of Title.

2. On or about January 2, 2003, the prior owner of the Vessel, OIA, LLC executed and delivered to Provident Bank of Maryland a Preferred Ship's Mortgage/Security Agreement in the amount of $683,212.37 as security for a loan to purchase the Vessel (the "Provident Mortgage")  This mortgage was recorded by the United States Coast Guard National Vessel Documentation Center on January 6, 2003, at Book 03-24 Page 479.

3. In the spring of 2012, EVERGREEN contracted with OIA, LLC to purchase

---

[1] 46 USC 31301(7) defines Secretary in this section as the Secretary of the Department of Homeland Security.

the Vessel. As part of its due diligence, EVERGREEN's agent purchased from and was provided an Abstract dated March 26, 2012 (the "2012 Abstract"). The 2012 Abstract did not include the Provident Mortgage (2012 Abstract attached as Exhibit A).

4. Based on the 2012 Abstract, on March 30, 2012, EVERGREEN purchased the Vessel believing that it was free and clear without a perfected mortgage lien, and paid the full purchase price to OIA, LLC.

5. OIA, LLC did not satisfy the mortgage, but continued to make monthly payments until sometime in 2015, at which time it stopped making payments.

6. Sometime thereafter an unverified claim was made by M&T Bank, as successor to Provident Bank, that it had an unsatisfied preferred mortgage recorded against the Vessel, despite the fact that the NVDC provided the 2012 Abstract of Title that assured EVERGREEN that there was no outstanding mortgage. M&T provided an Abstract dated March 2, 2015 (the "2015 Abstract"), which inexplicably showed the Provident Mortgage that was missing from the 2012 Abstract. (2015 Abstract attached as Exhibit B).

7. EVERGREEN made inquiries to the NVDC and on April 29, 2015, the NVDC acknowledged that it had failed to provide an accurate Abstract to EVERGREEN, and stated, in part, "we believed that this new abstract entry was inadvertently not scanned into the electronic system which would have superseded the previous abstract of title of the vessel filed". (NVDC letter attached as Exhibit C).

8. Having no knowledge, and no reason to know, of the Provident Mortgage, EVERGREEN relied on the representation of the NVDC that the Vessel was unencumbered as reflected in the 2012 Abstract in moving forward with its purchase of the Vessel.

9. On 11/09/2015, M & T Bank, as successor to Provident Bank, which held the

Provident Mortgage on the Vessel filed suit in the U.S. District Court for the Southern District of Florida, Case No.15-cv-61488-BB, to foreclose its mortgage against the vessel and EVERGREEN. (M&T Complaint at DE 1).

10. As a result of the failure of NVDCs to disclose the Provident Mortgage EVERGREEN owner of the Vessel was subject to having to pay for the Mortgage or lose its Vessel to the foreclosure lawsuit.

11. On March 13, 2017, M&T Bank and EVERGREEN reached a settlement which was approved by the Court to avoid foreclosure on the Vessel in the amount of $275,000.00 for the balance of the Mortgage. (M&T complaint at DE 61 & 62).

12. During this time, the Vessel was seized and suffered further consequential damages as when it was removed from its owners' care and custody.

## Count 1
## Breach of Implied Contract

13. EVERGREEN re-alleges and re-incorporates the allegations of paragraphs 1 - 18 above as if fully set forth herein.

14. The NVDC is the only repository of Vessel Documents and Abstracts of Title for U.S. documented vessels, such as the subject Vessel.

15. The NVDC, by publishing its fee schedule and electronic ordering form for abstracts, and EVERGREEN, by ordering the abstract and paying the published fee, demonstrated a mutuality of intent to form an implied in fact contract.

16. EVERGREEN, by paying for the abstract, and the NVDC by providing the abstract, each provided consideration for the implied in fact contract.

17. Similarly, based on the actions of each party alleged in the preceding two

Evergreen Marine Ltd.
v. USA
Complaint (Tucker Act)
Page **4** of **6**

paragraph, there was an offer and acceptance by the parties.

18. The 2012 abstract was signed by Janet V. Toland, of the National Vessel Documentation Center, who had actual authority to bind the government to the terms of the implied in fact contract.

19. EVERGREEN purchased the 2012 Abstract from NVDC to determine if there was mortgage on the Vessel, as NVDC is the sole authorized source of title information for U.S. documented vessels.

20. The NVDC breached its contractual obligation to provide an accurate Vessel Abstract of Title by omitting the Provident Mortgage on the 2012 Abstract it provided to EVERGREEN in response to EVERGREEN's request and payment.

21. As a result of NVDC's admitted failure to include the Provident Mortgage on the 2012 Abstract, EVERGREEN was subject to having to pay for the Mortgage or lose its Vessel to the foreclosure lawsuit.

22. As a result of NVDC's failure to provide EVERGREEN evidence of the Provident Mortgage, the Vessel was seized and suffered further consequential damages as a result of the seizure, when it was removed from its owners.

23. The damages have continued to increase as EVERGREEN has not been able to fully repair the Vessel.

Wherefore, Plaintiff, EVERGREEN MARINE, LTD., demands damages against Defendant UNITED STATES OF AMERICA as a result of NVDC's breach, as well as costs, interest and any further relief that this Court finds appropriate.

Dated: April 27, 2020.

Respectfully submitted,

*[signature: Theresa M. Bennett]*

_____
Theresa Bennett, Esq.
Fla. Bar No. 994080
500 SE 17th Street, Suite 323
Fort Lauderdale, Florida 33316
Tel:  954.463.4007
tb@theboatlawyer.com

Of counsel to
Luxury Law Group
*Attorney for Plaintiff*